**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

MILDRED WYATT, an individual,   )

Plaintiff,   )

v.   )   CASE NO.: 2:21-CV-272

STOKES CHEVROLET, INC.   )   **PLAINTIFF DEMANDS TRIAL**
an Alabama Corporation,   )   **BY STRUCK JURY**

Defendant.   )

2021 APR -5  A 11: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

COMES NOW the Plaintiff, Mildred Wyatt, by and through her undersigned

counsel, and asserts the following claims for relief, as follows:

### I. INTRODUCTION

1. This action arises out of the Defendant's pattern and practice of knowingly using

   Plaintiff's stolen identity for the purpose of an unauthorized procurement and

   subsequent impermissible use of consumer credit reports.

2. Defendant Stokes Chevrolet conducted and participated in such activity in

   complete disregard of the Plaintiff's lack of authorization for such reports, and

when the Plaintiff was not a party to any transaction or any contract for purchase or financing of any vehicle from the Defendant dealership Stokes Chevrolet.

3. Defendant, as part of its routine course of business, participates in such unlawful and surreptitious activity in an effort to maximize the profit made by Defendant through vehicle sales, sale of commercial paper and consumer financing. The unauthorized procurement and use of a consumer credit report is, *inter alia*, a violation of the Fair Credit Reporting Act, codified at 15 USC § 1681 *et seq*, hereinafter referred to as the "FCRA."

## II. NATURE OF THE CASE

4. This is an action for damages arising under the Fair Credit Reporting Act and of negligence, negligent misrepresentation, theft of identity, and invasion of privacy. Under the facts alleged herein, the aforementioned acts constitute and are part of a predatory lending scheme and predatory sales practices carried out by Defendant.

## III. JURISDICTION

5. This is not a diversity action. The instant action is brought pursuant to the

provisions of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq*.

Jurisdiction for these claims is conferred on this Court through 28 U.S.C. § 1331,

with resulting jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

§ 1367.

## IV. VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that

Plaintiff and Defendant reside or do business in this district and/or a substantial

part, if not all, of the events or omissions giving rise to the claim occurred in this

district.  Venue is also proper in this district pursuant to 18 U.S.C. § 1965(a) in

that all parties reside, are found, have an agent, and/or transact his or its affairs

in this district. No valid arbitration agreement exists between the parties.

## V. JURY DEMAND

7. Plaintiff invokes her right to trial by jury as provided for in 42 U.S.C. §

1981a(c)(1) and Rule 38 of the Federal Rules of Civil Procedure.

## VI.   PARTIES

8. The Plaintiff, Mildred Wyatt, is an individual over the age of nineteen (19) years, and a resident of Chilton County, Alabama.

9. The Defendant, Stokes Chevrolet, Inc., is an Alabama Corporation, doing business as a new and used car dealership engaged in the sale of automobiles in Chilton County, Alabama, whose principal place of business is located at 86 Peach Tower Road, Clanton, Alabama, 35045-8388.

10.    In doing the acts and omission herein alleged, Plaintiff alleges that Defendant conspired with other individuals or entities presently unknown to Plaintiff, to engage in the conduct made the subject of this Complaint, and acted as agents of one another, pursuant to a common goal or scheme to carry out the wrongful patterns of conduct herein alleged and to conceal the same.

11.    As the principal of its employees and agents, Defendant is liable to Plaintiff for any and all damages suffered by Plaintiff as a result of the unlawful acts of Defendant's employees and agents.

## VII.   FACTUAL ALLEGATIONS

4

12.     Through information and belief, on or about September 12, 2019, David
Giarrusso ("Giarusso") contacted Stokes Chevrolet ("Stokes") in Clanton,
Alabama, inquiring about purchasing a vehicle from Stokes.  Over the course of
this day and the following weeks, Giasusso dealt with employees of Stokes,
including "M. Estes" and "S. Dopson."

13.     According to credit denial letters later received by Plaintiff Mildred Wyatt,
Giarrusso was attempting to purchase and finance a 2019 Dodge Journey from
Stokes, using Plaintiff's stolen personally identifying information.

14.     Through information and belief, Giarrusso provided Stokes Chevrolet's
agents and employees with Plaintiff's name and personally identifying
information for the purpose of stealing her identity to purchase and finance a new
vehicle.

15.     As part of Defendant's process of the sale and financing of the vehicle,
Defendant obtained Plaintiff's credit report without Plaintiff's knowledge or
permission.  Stokes Chevrolet knew, or should have known, that it did not have
an ongoing business relationship with Plaintiff or permission to pull her credit
report.

16.     On or about September 12, 2019, Stokes Chevrolet used Plaintiff's name and
identifying information, without her presence, signature, knowledge or

permission, for the purpose of selling and financing a vehicle to Giarrusso. Plaintiff had no knowledge of what Giarrusso and Stokes were doing with her credit information, and Plaintiff did not authorize, consent to, or ratify the transaction.

17.    Plaintiff did not learn that Stoke's had "pulled" her credit until she began receiving credit denial letters in the mail. At this time, Plaintiff found out that, on or about September 13, 2019, Stokes obtained Plaintiff's consumer credit report without authorization on at least fourteen occasions from twelve different financial institutions. Stokes pulled Plaintiff's credit from at least the following financial institutions, without limitation:

a.  Ally;

b.  Consumer Portfolio Services;

c.  Global Lending Services;

d.  Flagship Credit Acceptance, Application #XXXX132;

e.  Flagship Credit Acceptance, Application # XXXX294;

f.  Alabama CU;

g.  Valley National Bank;

h.  Chrysler Capital;

i.  America's First Federal Credit Union;

j.  PNC Bank;

k.  Alabama State Employee Credit Union;

l.  GM Financial;

m. J P Morgan Chase Bank;

n.  Decision Pro.

18.    In addition to the foregoing, Plaintiff's credit reports show that Stoke Chevrolet Inc. pulled Plaintiff's credit report on September 13, 2019.

19.    By way of example of the collusion between Stokes and Giarrusso, Ally's credit denial letter to Plaintiff, dated September 27, 2019, states:

> We were recently informed by Stokes Chevrolet. Inc., 86 Peach Tower Road, Clanton, AL, 35045-8388 that it was considering the credit sale or lease of a 2019 Dodge Journey to you and asked whether we would be prepared to accept your obligation if the transaction was completed.
>
> On the application, you were the applicant and David Giarrusso was the co-applicant.

20.    Another example is seen in the credit denial letter from Alabama CU. This letter references "Loan ID 4311631" and states credit was requested in the amount of $27,184.00 on September 13, 2019.    The letter notes a "term approved" of 84, and an "amount approved" of $25,390.00.

21.    Until Plaintiff began to receive credit denial letters from the aforementioned financing companies, Plaintiff knew nothing about what Giarrusso and Stokes

7

were doing with her personally identifying information and credit information. Plaintiff was not present, did not sign any contract, or enter into any agreement, in any form, providing authorization or right for Giarrusso or Defendant to obtain Plaintiff's credit report. At no time did Plaintiff authorize or give permission to Giarrusso or Defendant to obtain Plaintiff's consumer credit report for any reason, or for any Defendant to take any action which would result in any other person or entity to obtain Plaintiff's consumer credit report for any reason. Plaintiff never intended to purchase a vehicle from Stokes or obtain credit from Stokes.

22.    Plaintiff avers that Defendant, and its agents and employees, together and individually, conspired with both Stokes Chevrolet and Giarrusso to illegally obtain Plaintiff's personal identification and credit information in order to foster and accomplish their illegal schemes and practices.

23.    On or about September 13, 2019, and possibly other occasions, Stokes Chevrolet caused "hard" credit inquiries to be made on Plaintiff's consumer credit report by various lenders, banks and financial institutions, including, but not limited to, Stokes, Ally, Consumer Portfolio Services, Global Lending Services, Flagship Credit Acceptance, Alabama CU, Valley National Bank, Chrysler Capital, America's First Federal Credit Union, PNC Bank, Alabama

State Employee Credit Union, GM Financial, and J P Morgan Chase Bank. The result of Stokes' actions was that such inquiries became part of Plaintiff's consumer credit report as "hard" credit inquiries.

24.     As the result of the forgoing, it is now erroneously reported on Plaintiff's credit report that Plaintiff applied for credit on said date.

25.     Plaintiff alleges that the "hard" inquiries described herein became part of her credit report, which is provided to other lenders, and has resulted in a lowering of her credit score. This lower credit score will, among other things, result in her being denied a loan or financing and/or having to pay a higher interest rate. Furthermore, the fraudulent credit pulls by Stokes Chevrolet impair Plaintiff from obtaining credit for her own legitimate reasons. Plaintiff has suffered from worry and distress over what Stokes has done in obtaining her credit reports and over what Stokes and Stokes' employees and agents may do with the information obtained in these credit reports.

*How the Fair Credit Reporting Act applies to the Plaintiff's circumstance*

26.     Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

27.     Defendant Stokes Chevrolet is both a "person" and a "user" of consumer
credit and other financial information, as said terms are defined and contemplated
respectively, under the Fair Credit Reporting Act ("FCRA").

28.     Stokes, Ally, Consumer Portfolio Services, Global Lending Services,
Flagship Credit Acceptance, Alabama CU, Valley National Bank, Chrysler
Capital, America's First Federal Credit Union, PNC Bank, Alabama State
Employee Credit Union, GM Financial, and J P Morgan Chase Bank. and other
unknown entities who received and processed Plaintiff's name and personally
identifying information for the purpose of evaluating credit-worthiness and/or
extending credit (collectively referred to herein as "Finance Companies") are
both a "person" and a "user" of consumer credit and other financial information,
as said terms are defined and contemplated respectively, under the FCRA.

29.     Finance Companies obtained Plaintiff's consumer credit report from various
credit reporting agencies (CRAs).

30.     Finance Companies provided to Stokes Chevrolet information that constitutes
a "consumer credit report," as that term is defined by the FCRA.

31.     Stokes Chevrolet obtained the aforementioned consumer credit reports on the
Plaintiff under false pretenses and without a permissible purpose on each and
every occasion that Stokes obtained a consumer credit report on Plaintiff and each

and every time a Financing Company provided Stokes Chevrolet with a decision regarding financing for Plaintiff.

32.    At all relevant times, employees and agents of Stokes Chevrolet, engaged by Stokes Chevrolet for the purpose of sales, office administration and/or tasks related to Stokes Chevrolet's business, had access to computer hardware and software allowing them to, among other things, request and obtain consumer credit report and other financial information on behalf of, or for the benefit of, Stokes Chevrolet.

33.    Employees and agents of Stokes Chevrolet are both "persons" and "natural persons," as said terms are contemplated and defined under the FCRA, respectively.

34.    Stokes Chevrolet did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer credit report from Finance Companies, and therefore Stokes Chevrolet's request, acquisition, and use of Plaintiff's consumer credit report was in violation of the FCRA.

35.    Employees and agents of Stokes Chevrolet, while acting for and on behalf of Stokes Chevrolet, and while performing activities within the scope of their business relationship with Stokes Chevrolet, requested, obtained, and used Plaintiff's consumer credit report on or around September 2019.

36.     Employees and agents of Stokes Chevrolet did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer credit report from Finance Companies, and therefore said request, receipt and use of Plaintiff's consumer credit report was in violation of the FCRA.

37.     As the proximate result of the aforementioned conduct of the Defendant, Plaintiff's access to credit has been compromised, and continues to be compromised, by imparting to past, present, and future credit grantors, that Plaintiff has applied for credit on the multiple occasions made the subject of this complaint, resulting in actual injury and damages through increased costs of credit or declined credit, as well as other costs incurred by Plaintiff, including, but not limited to, the costs and expenses of this action.

## VIII. CAUSES OF ACTION

### COUNT ONE: NEGLIGENCE, WANTONNESS and RECKLESSNESS

38.   Plaintiff hereby incorporates and adopts facts set forth in § VII. FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

39.     Stokes Chevrolet owed Plaintiff a duty not to be willful, wanton, negligent and/or reckless in its conduct toward Plaintiff.

40.   Stokes Chevrolet was willful, wanton, negligent and/or reckless in its acquisition, retention and use of Plaintiff's personal information.

41.   Stokes Chevrolet was willful, wanton, negligent and/or reckless in its conduct as to the Plaintiff in that Stokes Chevrolet caused Plaintiff's consumer credit report to contain inquiries and information that damaged Plaintiff.

42.   Stokes Chevrolet's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer credit report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA. As a result of said conduct by Defendant, Plaintiff has been damaged.

43.   In the alternative, Defendant Stokes Chevrolet's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer credit report was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA. As a result of said conduct by Defendant Stokes Chevrolet, Plaintiff has been damaged.

44.   In the alternative, Defendant Stokes Chevrolet's request for, acquisition of and use of the Plaintiff's consumer credit reports constituted the knowing and willful receipt of information on a "consumer," as said term is defined under the FCRA, under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA. As a result of said conduct by Stokes Chevrolet, Plaintiff has been damaged.

45. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney's fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT TWO: NEGLIGENT HIRING, NEGLIGENT SUPERVISION, AND NEGLIGENT ENTRUSTMENT

46. Plaintiff hereby incorporates and adopts the facts set forth in § VII. FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

47. Defendant owed Plaintiff a duty of care and professionalism in the rendition of the services rendered, in training and supervising its employees to perform those services in full compliance with the laws of Alabama and the Federal Government, in not engaging or allowing its agents to engage in the wrongful practices herein alleged, in not suppressing or concealing such activities, or enabling its agents to do so, and in not terminating or otherwise disciplining those employees or agents known to have violated company policies, state and federal laws or regulations by engaging in the misconduct herein alleged.

48.    Defendant owed duties to Plaintiff in putting forth loyal, honest, and fair-dealing employees or agents who act in compliance with State laws regarding the proper method utilized for credit inquiry and Defendant's superior knowledge of those respective industries, its practices, and Defendant's practices. Defendant's negligent retention of employees known to have engaged in the misconduct described herein acted as ratification of such misconduct. The Defendant breached the duties owed to Plaintiff. Such breaches arise out of the negligent or wanton conduct of the Defendant and those who acted in concert or conspiracy with them or acted as their agents, servants, or employees, and in the line and scope of Defendant's business and contractual and statutory and regulatory duties, in order to preserve and protect the financial interest of the Defendant and those who acted in concert or conspiracy with them.

49.    Stokes Chevrolet's employees' and agents' failure to comply with the FCRA when they requested, obtained and used the Plaintiff's consumer credit report was negligent, as contemplated under 15 U.S.C. § 1681o of the FCRA. As a result of said conduct, Plaintiff has been damaged.

50.    Stokes' employees' and agents' failure to comply with the FCRA when they requested, obtained and used the Plaintiff's consumer credit report, was willful,

as contemplated under 15 U.S.C. § 1681n of the FCRA.  As a result of said conduct, Plaintiff has been damaged.

51.   Said employees' and agents' request for, acquisition of, and use of the Plaintiff's consumer credit report constituted the receipt of information on a consumer under false pretenses or knowingly without a permissible purpose under the FCRA, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA.  As a result of said conduct, Plaintiff has been damaged.

52.   Defendant's employees and agents used Plaintiff's stolen identity for their own purpose and profit when they obtained her consumer credit reports.  In using this information and obtaining Plaintiff's consumer credit reports, Defendant and its agents and employees invaded Plaintiff's privacy.

53.   Defendant knew, or should have known, of the wrongful or fraudulent practices engaged in by its employees or agents, and knew, or should have known that its own training, supervision and retention practices were inadequate to fulfill its obligation to protect the public and the Plaintiff.  Defendant knew, or should have known, that its policies and practices in training, supervising, and retaining such employees were inadequate to prevent or detect the misconduct described herein, and such inadequate policies and practices were an actual and proximate cause of Plaintiff's injuries.

54.    Plaintiff has incurred damages proximately caused by Defendant's negligence in training, supervising, and retaining its employees and/or agents.

55.    By its conduct, the Defendant breached said duties to Plaintiff and were wanton, negligent and/or reckless.

56.    As a proximate result of the aforementioned conduct of Stokes Chevrolet, and Stokes Chevrolet's employees and agents, Plaintiff was caused to suffer injury, incidental and consequential damages, as well as severe mental anguish and emotional distress.

57.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court deems appropriate to compensate Plaintiff, for her injury, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

## COUNT THREE:  VIOLATION OF THE FCRA - NEGLIGENT FAILURE TO COMPLY WITH REQUIREMENTS OF FCRA

58.    Plaintiff hereby incorporates and adopts the facts set forth in § VII. FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

59.   Defendant negligently failed to comply with the FCRA when it obtained credit reports on the Plaintiff from the Finance Companies under false pretenses or knowingly without a permissible purpose.

60.   Defendant negligently failed to comply with the FCRA when it used credit reports on the Plaintiff obtained from the Finance Companies under false pretenses or knowingly without a permissible purpose.

61.   Defendant negligently failed to comply with the FCRA when it obtained credit reports on the Plaintiff from the Finance Companies by false certification of a permissible purpose contrary to 15 U.S.C. § 1681e.

62.   Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

63.   As a result of Defendant's negligent failure to comply with the FCRA, defendant is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages sustained by the Plaintiff as a result of said failure and (ii) the costs of this action together with reasonable attorneys' fees.

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court
will award damages in an amount the Court deems appropriate to compensate
Plaintiff, for her loss of monies, incidental and consequential damages, severe
mental anguish and emotional distress, in an amount to be determined by a jury,
as well as attorney fees and costs of this proceeding, and punitive damages to
deter such conduct in the future.

## COUNT FOUR: VIOLATION OF THE FCRA - WILLFUL FAILURE TO
## COMPLY WITH REQUIREMENTS OF FCRA

65.     Plaintiff hereby incorporates and adopts the facts set forth in § VII.
FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

66.     Defendant willfully failed to comply with the FCRA when it obtained and
used credit reports on the Plaintiff from the Finance Companies under false
pretenses or knowingly without a permissible purpose.

67.     Defendant Stokes Chevrolet willfully failed to comply with the FCRA when
they obtained and used credit reports on the Plaintiff obtained from the Finance
Companies under false pretenses or knowingly without a permissible purpose.

68.   Defendant Stokes Chevrolet willfully failed to comply with the FCRA when
      it obtained and used credit reports on the Plaintiff from the Finance Companies
      by false certification of a permissible purpose contrary to 15 U.S.C. § 1681e.

69.   Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with
      any requirement imposed under the FCRA with respect to any consumer is liable
      to that consumer in an amount equal to the sum of (i) any actual damages
      sustained by the consumer as a result of the failure or damages or not less than
      $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as
      the court may allow; and (iii) in the case of any successful action to enforce any
      liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable
      attorneys' fees.

70.   As a result of Defendant's willful failure to comply with the FCRA, Defendant
      is liable to the Plaintiff in an amount equal to the sum of (i) any actual damages
      sustained by the Plaintiff as a result of the failure or damages of not less than
      $100.00 and not more than $1,000.00 for each such violation; (ii) such amount
      of punitive damages as the court may allow; and (iii) the costs of this action
      together with reasonable attorneys' fees.

71.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court
      will award damages in an amount the Court deems appropriate to compensate

Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

### COUNT FIVE: VIOLATION OF THE FCRA - OBTAINING CONSUMER CREDIT REPORT WITHOUT PERMISSIBLE PURPOSE

72. Plaintiff hereby incorporates and adopts the facts set forth in § VII. FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

73. As described herein, Stokes Chevrolet obtained Plaintiff's credit report without a permissible purpose.

74. Pursuant to 15 U.S.C. § 1681n, any natural person who obtains a consumer credit report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. § 1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater, for each impermissible access of her credit report; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

75.    As a result of Defendant,s request and receipt of a consumer credit report

under false pretenses or knowingly without a permissible purpose, Defendant is

liable to the Plaintiff in an amount equal to the sum of (i) any actual damages

sustained by the Plaintiff  as a result of the failure or $1,000.00, whichever is

greater, for each impermissible access of her credit report; (ii) such amount of

punitive damages as the court may allow; and (iii) the costs of this action together

with reasonable attorneys' fees.

76.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court

will award damages in an amount the Court deems appropriate to compensate

Plaintiff, for her loss of monies, incidental and consequential damages, severe

mental anguish and emotional distress, in an amount to be determined by a jury,

as well as attorney fees and costs of this proceeding, and punitive damages to

deter such conduct in the future.

## COUNT SIX: THEFT OF IDENTITY

77.    Plaintiff hereby incorporates and adopts the facts set forth in § VII.

FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

78.    Alabama's "Consumer Identity Protection Act" is codified at Ala.Code § 13A-

8-190 *et seq*.  This Act, found in the Alabama Criminal Code, provides for both

criminal and civil remedies where a person's identifying information is used to perpetrate a crime as defined under the Act.

79.    § 13A-8-191 (2) defines "identifying information" to include, but not limited to, a person's: name, social security number, financial services account numbers, and any other numbers or information that can be used to obtain or act as identification.

80.    § 13A-8-192 provides that "a person commits the crime of identity theft if, without authorization, consent or permission of the victim, and with the intent to defraud for his or her own benefit or the benefit of a third person, he or he does any of the following: (1) Obtains records, or accesses identifying information that would assist in accessing financial resources, obtaining identification documents or obtaining benefits of the victim."

81.    § 13A-8-199 provides a civil remedy, in addition to other remedies provided by law, under which the "victim" may recover the greater of $5000.00 or three-times actual damages for each incident, plus attorney's fees and court costs.

82.    Plaintiff is a "victim" as defined under the Consumer Identity Protection Act.

83.    Stokes Chevrolet used Plaintiff's identifying information without permission, with intent, for its own profit, for the purpose of defrauding the Plaintiff, all in

such a way as to have committed the crime of identity theft as defined under the Consumer Protection Act each time it submitted Plaintiff's information for the purpose of receiving Plaintiff's credit information.

84.     Defendant is liable to Plaintiff under the Consumer Identity Protection Act for all remedies available to her under the Act.

85.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will enter a judgment against the Defendant in this action, and award damages in an amount the Court deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in an amount to be determined by a jury, as well as attorney fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

### COUNT SEVEN: INVASION OF PRIVACY

86.   Plaintiff hereby incorporates and adopts the facts set forth in § VII. FACTUAL ALLEGATIONS, *supra*, as if fully set forth herein.

87.   The actions taken by Defendant in obtaining personal and private credit reports and credit information regarding the Plaintiff constitutes an invasion of privacy.

88.   Defendant's obtaining of Plaintiff's credit reports was systematic and

continuous in number and made in disregard of the Plaintiff's right to privacy and was an unreasonable intrusion upon the seclusion of Plaintiff.

89. Defendant's actions caused unwarranted publicity, wrongful intrusion, and unwarranted exploitation of Plaintiff's private financial and credit information which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame, and humiliation to any person with ordinary sensibilities.

90. As a proximate result, Plaintiff was caused to suffer injury and financial injury, including loss of credit, loss of credit worthiness, worry, humiliation, loss of sleep, anxiety, nervousness, emotional distress, fright, physical illness and pain, mental anguish, as well as injury and damage to her reputation.

91. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will award damages in an amount the Court and a Jury deems appropriate to compensate Plaintiff, for her loss of monies, incidental and consequential damages, severe mental anguish and emotional distress, in the amount to be determined by the Court as well as attorney fees and costs of this proceeding, and punitive damages to deter such conduct in the future.

### COUNT EIGHT: REQUEST FOR EQUITABLE RELEIF

92.    Plaintiff hereby incorporates and adopts facts set forth in § VII. FACTUAL
ALLEGATIONS, *supra*, as if fully set forth herein.

93.    Plaintiff's identity was stolen, and this information was knowingly used by
Stokes Chevrolet for, *inter alia*, the purpose of profiting from the use of her stolen
information. Stokes Chevrolet's use of Plaintiff's stolen identity has resulted in
access to and entries on her consumer credit report.

94.    Plaintiff and the general public will suffer continuing irreparable injury unless
the conduct of the Defendant alleged in the above and foregoing paragraphs is
halted, the Defendant is educated, trained, and made to comply with the laws of
the State of Alabama and the United States of America, specifically including
Stoke's duties under the Fair Credit Reporting Act and relative to theft of identity
and permissible uses of personally identifying information.

95.    Plaintiff requests this Court issue an order requiring that Defendants delete
any and all information they may have in their possession, custody and or control,
including, but not limited to, information in any form from any and all computers,
databases, and every form of data or information storage whatsoever.

96.    Plaintiff requests this Court issue an order requiring Stokes Chevrolet's
owners, managers, and employees undergo training regarding its duties under the

Fair Credit Reporting Act and relative to theft of identity and permissible uses of personally identifying information.

97.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court will order such equitable relief, and any other equitable relief to be determined necessary by the Court, as well as attorney fees and costs of this proceeding.

**PLAINTIFF DEMANDS A TRIAL ON ALL ISSUES BY STRUCK JURY**

Respectfully Submitted,

Thomas C. Donald, ASB-6795-A47D
Michael E. Parrish, ASB-5747-S69M
Parrish & Donald
Alabama Car Lawyers LLC
1707 29th Court South
Birmingham, Alabama 35209
Phone (TCD): 205 985 2309
       (MEP): 205 547 5747
Email cdonald@alabamacarlaw.com
      mparrish@alabamacarlaw.com